UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SILAS LEE TRICE,**

      **Plaintiff,**

v.     Case No:   6:12-cv-1495-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# MEMORANDUM OF DECISION

Silas Lee Trice (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight assigned to various medical opinions; 2) failing to consider all of his severe impairments when determining his residual functional capacity ("RFC"); 3) failing to properly evaluate his allegations of pain and limitations; and 4) according less weight to Dr. James K. Shea's medical opinions. Doc. No. 17 at 8-20. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A.  Dr. Mignogna.

Claimant argues that the ALJ failed to state with particularity the weight he assigned to Dr. Joseph J. Mignogna's opinions concerning his functional limitations. Doc. No. 17 at 9. Specifically, Claimant argues that the RFC, as determined by the ALJ, does not account for Dr. Mignogna's opinions concerning Claimant's ability to squat, grip and squeeze with his right hand, and work alone. Doc. No. 17 at 9-10. Although the Commissioner acknowledges that the ALJ did not expressly assign weight to Dr. Mignogna's opinions, the Commissioner argues that the ALJ did, albeit indirectly, assign weight to Dr. Mignogna's opinions by stating that he has "given

considerable weight, except where otherwise noted, to the opinions of the treating/examining physicians as they are substantiated by the objective medical evidence of record." Doc. No. 20 at 9 (citing R. 26). Further, the Commissioner argues that the ALJ committed no reversible error with respect to Dr. Mignogna's opinions concerning Claimant's ability to squat, grip and squeeze with his right hand, and work alone. *See* Doc. No. 20 at 9-10.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit has clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a) (2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985). While "'the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion'" and the ALJ articulates his or her reasoning for

rejecting the opinion(s).  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (quoting *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981)).[1]

On April 8, 2009, Dr. Mignogna performed a consultative examination of Claimant.  R. 478.  Dr. Mignogna also reviewed several of Claimant's treatment records.  R. 478.  On April 14, 2009, Dr. Mignogna issued a comprehensive report detailing his findings and impressions concerning Claimant's functional capacity.  R. 478-83.  Dr. Mignogna opined that Claimant can sit, stand, and walk without any restrictions, and that Claimant can lift and carry "[m]edium frequent activity."  R. 482.  Dr. Mignogna further opined that Claimant cannot balance, can occasionally squat, cannot engage in "repetitive or strenuous gripping or squeezing with right hand[,]" and cannot work "in solitary or in safety sensitive activities."  R. 482.

At step four of the sequential evaluation process, the ALJ determined that Claimant has the following RFC:

> [L]ift 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours out of an 8 hour day and sit for 6 hours out of an 8 hour day with occasionally reaching, waist to chest, with the right dominant hand and occasional hearing but no balancing or hazardous machinery[.]

R. 22-3.  In reaching this RFC, the ALJ considered, among other things, Dr. Mignogna's report.  R. 23-4.  In doing so, the ALJ provided a detailed summary of Dr. Mignogna's report, including the following summary of Dr. Mignogna's opinions concerning Claimant's functional capacity:

> In terms of functioning, the doctor noted that the claimant had no restrictions in standing/walking and sitting.  He was able to perform frequent medium activity with occasional squatting but no balancing and no repetitive or strenuous gripping/squeezing with the right hand.  The claimant should not work in solitary or in safety sensitive activities.

---

[1] In *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.  *Id*. at 34.

R. 24.  Although the ALJ did not expressly assign weight to Dr. Mignogna's opinions, he did state that he gave "considerable weight, except where otherwise noted, to the opinions of the treating/examining physicians as they are substantiated by the objective medical evidence of record."  R. 26.

Dr. Mignogna is an examining physician, who conducted an examination of Claimant, resulting in a comprehensive report, which included, among other things, opinions concerning Claimant's functional capacity.  *See* R. 478-83.[2]  As such, the ALJ was required to assign weight to Dr. Mignogna's opinions and articulate the reasons supporting the weight assigned to Dr. Mignogna's opinions.  *Winschel*, 631 F.3d at 1178-79.  The Commissioner maintains that the ALJ did assign weight to Dr. Mignogna's opinions even though she acknowledges that the ALJ did not do so "by name[.]"  Doc. No. 20 at 9 (original emphasis).  The Commissioner directs the Court's attention to the ALJ's statement that he gave "considerable weight, except where otherwise noted, to the opinions of the treating/examining physicians as they are substantiated by the objective medical evidence of record."  Doc. No. 20 at 9 (citing R. 26).  The Court finds that this statement encompasses Dr. Mignogna's opinions since he was an examining physician whose opinions were not otherwise assigned less than considerable weight.  *See* R. 20-28, 478-83.  Consequently, the Court finds that the ALJ assigned considerable weight to Dr. Mignogna's opinions.

While the ALJ assigned considerable weight to Dr. Mignogna's opinions, the ALJ failed to articulate why he did not include or otherwise adopt Dr. Mignogna's opinion that Claimant cannot engage in "repetitive or strenuous gripping or squeezing with right hand" or work "in

---

[2] The record contains no RFC assessments from a treating physician that go into the detail contained in Dr. Mignogna's report, or the report of a second examining physician, Dr. James K. Shea.  *See* R. 1-579.

solitary." *See* R. 20-28; Doc. No. 17 at 9-10.[3]  The Commissioner argues that the "ALJ clearly did not credit" Dr. Mignogna's gripping and squeezing limitation because it was not supported by his observations. Doc. No. 20 at 10 (citing R. 23, 481-82). Contrary to the Commissioner's argument, the ALJ never discredited Dr. Mignogna's opinion that Claimant cannot engage in repetitive or strenuous gripping or squeezing with his right hand. *See* R. 20-28. Therefore, the Court finds the Commissioner's first argument unavailing. Alternatively, the Commissioner argues that the RFC accounts for the limitation by limiting Claimant to "occasionally reaching, waist to chest, with the right dominant hand[.]" *See* Doc. No. 20 at 10 (citing R. 23, 482).[4]  This limitation, however, does not address Claimant's ability, or lack thereof, to engage in repetitive and strenuous gripping or squeezing with his right hand. Instead, the limitation contained in the RFC only addresses Claimant's ability to reach with his right hand. R. 23. Gripping and squeezing with one's hand is not analogous to reaching with one's hand. Therefore, the Court finds the Commissioner's alternative argument unavailing. As for Dr. Mignogna's opinion that Claimant should not work alone, the Commissioner does not provide any explanation as to why the ALJ did not address this limitation.[5]

---

[3] The ALJ also failed to articulate why he did not include or otherwise adopt Dr. Mignogna's opinion that Claimant can occasionally squat. R. 20-28; Doc. No. 17 at 9. The Commissioner argues that this omission resulted in harmless error. Doc. No. 20 at 9. At step five of the sequential evaluation process, the ALJ, relying on the testimony of a vocational expert, found that Claimant could "perform the requirements of representative occupations such as system surveillance monitor . . . and toll collector[.]" R. 28. Neither of these jobs require squatting or its equivalent. U.S. Dep't of Labor, Dictionary of Occupational Titles, 379.367-010 (rev. 4th ed.1991), 1991 WL 673244 (indicating that crouching is not required for surveillance system monitor); *Id.*, 211.462-038, 1991 WL 671847 (rev. 4th ed.1991) (indicating that crouching in not required for toll collector). As such, omission of the squatting restriction from the RFC was harmless. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 906 (11th Cir. 2013).

[4] The Commissioner does not argue harmless error with respect to the ALJ's failure to address Dr. Mignogna's opinions concerning Claimant's ability to grip and squeeze, and work alone. *See* Doc. No. 20 at 10.

[5] Instead of responding to Claimant's argument concerning Dr. Mignogna's opinion that he not work alone, the Commissioner addresses Dr. Mignogna's opinion that Claimant should not work "in safety sensitive activities." *See* Doc. No. 20 at 10. This opinion and the ALJ's consideration thereof is not at issue in this case. *See* Doc. No. 17 at 9-10. Therefore, the Court will proceed as though the Commissioner has not responded to Claimant's argument that the RFC does not account for Dr. Mignogna's opinion that he not work alone.

Having given considerable weight to Dr. Mignogna's opinions, the ALJ should have provided a reasoned explanation as to why he did not include Dr. Mignogna's gripping and squeezing and solitary work limitations in the RFC.  *See Winschel*, 631 F.3d at 1179; *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)).  The ALJ, however, provided no such explanation, thus preventing meaningful review of the ALJ's decision to not include a limitation to which he otherwise gave considerable weight.  *See* R. 20-28.  Accordingly, the ALJ's decision is not supported by substantial evidence, and, as a result, the case must be remanded for further proceedings.[6]

### III.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

---

[6] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  While the Court will not address the merits of Claimant's remaining arguments, it notes that the ALJ did not address or weigh the opinions of two non-examining consultative physicians, Dr. Clarence Louis (R. 484-91) and Dr. Loc Kim Le (R. 513-20).  *See* R. 20-28.  Accordingly, upon remand the ALJ shall specifically address the foregoing opinions, as well as all other opinion evidence relevant to determining Claimant's RFC.

- 8 -

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
Megan E. Gideon, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Scott A Tews
Administrative Law Judge
SSA ODAR Hearing Ofc
Ste 1550 New River Ctr
2 E Las Olas Blvd
Ft Lauderdale, FL 33301